# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO CESAR RUIZ,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent.<br>_____/ | 1:10-cv-01372-AWI<br>1:03-cr-05111-AWI<br><br>**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>(Doc. 236) |

## I. INTRODUCTION

This matter arises from the criminal conviction of Defendant/Petitioner Julio Cesar Ruiz ("Petitioner"). Petitioner is currently incarcerated at the United States Penitentiary at Lompoc, California ("USP-Lompoc") and is proceeding in this matter *in propria persona*. Petitioner brings a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. Section 2255. Petitioner's complaint involves allegations ineffective assistance of trial and appellate counsel, abuse of discretion by the court, and prosecutorial misconduct. For the following reasons, Petitioner's motion is DENIED without an evidentiary hearing.

## II. BACKGROUND

Petitioner and co-defendant Angel Noriega-Valenzuela were indicted on March 13, 2003, for conspiring with Enrique Diaz, Jose Acosta, and Efren Lopez to manufacture and distribute methamphetamine, possessing firearms in furtherance of a drug trafficking offense, and, as to Petitioner, escaping from the custody of the Attorney General.

Defendants Diaz, Acosta, and Lopez pled guilty to conspiring to manufacture methamphetamine.

The trial for Petitioner and his co-defendant commenced on February 18, 2004. At the close of the government's evidence, the Court granted Petitioner's motion to dismiss as to the escape charge. The jury returned a verdict as to the remaining counts of February 20, 2004. Petitioner was sentenced to a term of imprisonment of 352 months in custody (representing a 292-month term as to the conspiracy to manufacture and distribute methamphetamine count and a consecutive 60-month term as to the possession of a firearm in furtherance of drug trafficking count), a $200.00 penalty assessment, and a 60-month term of supervised release on May 24, 2004.

Petitioner appealed his convictions to the Ninth Circuit Court of Appeals. A judgment by the Ninth Circuit was issued on January 5, 2007. The judgment affirmed the decision of the District Court in part and reversed in part. The Ninth Circuit reversed the conviction for possession of a firearm in furtherance of a drug trafficking offense based on insufficiency of the evidence to support a conviction. As to that count the Ninth Circuit held that: "The evidence in this case did not attribute possession of any of the firearms to any of the conspirators" as required for a conviction under 18 U.S.C. 924(c)(1)(A). *See U.S. v. Mann*, 389 F.3d 869, 879 (9th Cir. 2004).

This Court held a re-sentencing hearing for Petitioner on November 30, 2007, wherein Petition was sentenced to a term of 235 months in custody and 60 months of supervised release. This sentence included enhancements for possession of a firearm; this enhancement only required finding of possession by a preponderance of the evidence. The sentence also included an enhancement for escaping government custody (Petitioner fled law enforcement at the time of

his initial arrest and then escaped custody once arrested). Further, this Court refused to grant Petitioner a downward departure due to his claimed minor-role or acceptance of responsibility pursuant to U.S.S.G. §§ 3B1.2(b) and 3E1.1, respectively. Petitioner appealed the re-sentencing determination to the Ninth Circuit Court of Appeals. A judgment by the Ninth Circuit was issued on March 5, 2009. The judgment affirmed the decision of the District Court in full.

Petitioner filed a petition for writ of certiorari with the United States Supreme Court. Certiorari was denied on October 5, 2009. On August 2, 2010, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255.

### III. LEGAL STANDARD

Title 28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Habeas relief is available to correct errors of jurisdiction and constitutional error but a general "error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979).

Courts must "construe pro se habeas filing liberally." *Laws v. Lamarque,* 351 F.3d 919, 924 (9th Cir.2003). Under Section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock,* 20 F.3d 1458, 1465 (9th Cir.1994), quoting 28 U.S.C. § 2255. The court may deny a hearing if the petitioner's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. McMullen,* 98 F.3d 1155, 1159 (9th Cir.1996), citations omitted. Mere conclusory statements in a Section 2255 motion are insufficient to require a hearing. *United States v. Hearst,* 638 F.2d 1190, 1194 (9th Cir.1980).

Under Rule 4(b) of the Rules Governing Section 2255 Proceedings, when a court receives a section 2255 motion, the court must initially screen it, and dismiss it summarily if it plainly appears that the moving party is not entitled to relief. *See U.S. v. Quan,* 789 F.2d 711, 715 (9th Cir.1986).

## IV. DISCUSSION

Petitioner has articulated ten claims for relief, all couched in terms of ineffective assistance of trial and appellate counsel. To the extent possible this Court will address the underlying basis for the claim prior to making the determination of whether counsel erred.[1] The essence of each claim is as follows: 1) the court committed instructional error; 2) Petitioner is factually innocent; 3) the evidence was insufficient to sustain a verdict; 4) evidence was admitted in violation of the Confrontation Clause of the Sixth Amendment; 5) the government suppressed of exculpatory evidence; 6) the government proffered false evidence; 7) the court erred by sentencing Petitioner based on the drug quantity recommendation in the erroneous presentence report; 8) trial counsel erred in advising petitioner to write a letter accepting responsibility; 9) trial counsel erred in failing to interview Petitioner's co-defendants; and 10) the court abused its discretion in applying sentencing enhancements for obstruction of justice and possession of a firearm.

**A. Collateral review cannot be used to revisit adverse direct review.**

It is well settled that a habeas petition is not a vehicle for challenging the decision of a federal appellate court. *See Feldman v. Henman,* 815 F.2d 1318, 1321–22 (9th Cir.1987). Consequently, a criminal defendant who raises a claim or issue on direct appeal may not again assert that same claim or issue in a section 2255 habeas corpus petition. *See U.S. v. Hayes,* 231 F.3d 1132, 1139 (9th Cir.2000); *U.S. v. Redd,* 759 F.2d 699, 701 (9th Cir.1985). Any contrary rule would contravene the longstanding "law of the case" doctrine, under which "a court

---

[1] A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

generally is precluded from reconsidering an issue that has already been decided by the same court or a high court in the same case...." *Williams v. Harrington,* 511 F. App'x 669, 2013 WL 1093019, *2 (9th Cir. Mar.18, 2013) (Hug, Farris, Leavy) (citing *US v. Cuddy,* 147 F.3d 1111, 1114 (9th Cir.1998)); *see, e.g., Reed v. Town of Gilbert, Arizona,* 707 F.3d 1057, 1067 n.9 (9th Cir. 2013) (prior opinion affirming district court's determination regarding constitutionality of ordinance was the law of the case and precluded reconsideration of the issues determined by that opinion) (citing *Minidoka Irrigation Dist. v. Dep't of Interior,* 406 F.3d 567, 573 (9th Cir.2005)).

In Petitioner's first appeal to the Court of Appeals for the Ninth Circuit he argued: 1) that the evidence was insufficient to prove possession of firearms in furtherance of a drug trafficking crime; 2) that the district court erred by accepting the drug quantity recommendation in the presentence investigation report, which was higher than that found by the jury; 3) that the sentence imposed by the district court for the conspiracy to manufacture and distribute methamphetamine violated his Sixth Amendment rights; 4) that the district court erred by giving a preliminary jury instruction on reasonable doubt; and 5) that the district court erred by assessing a two-level increase for obstruction of justice. The Court of Appeals reversed as to Petitioner's conviction for possession of firearms but otherwise affirmed. *U.S. v. Ruiz*, 462 F.3d 1082, 1084-1085 (9th Cir. 2006).

In Petitioner's appeal from this Court's resentencing he argued: 6) that his sentence was unreasonable when viewed in comparison with those that other co-conspirators received; 7) that the court erred when it applied two sentencing-level enhancements and refused to grant two reductions. The Court of Appeals affirmed all aspects of Petitioner's sentence. *U.S. v. Noriega-Valenzuela*, 317 Fed.Appx. 655, 657 (9th Cir. 2009)

Petitioner's present claims related to instructional error (i.e. claim 1), sufficiency of the evidence to support a conviction for conspiracy to manufacture and distribute methamphetamine (i.e. claim 3), court error in sentencing based on the presentence report where the verdict form was ambiguous (i.e. claim 7), and application of sentencing enhancements and refusal to apply downward departures (i.e. claim 10), were all raised by Petitioner on direct review and rejected by the Court of Appeals. *See U.S. v. Ruiz*, 462 F.3d 1082; *U.S. v. Noriega-Valenzuela*, 317

Fed.Appx. 655. Claims 1, 3, 7 and 10 are therefore foreclosed and cannot serve as the basis for federal habeas review.

**B. Petitioner has raised procedurally defaulted claims.**

The Supreme Court has unanimously cautioned that "federal habeas is a guard against extreme malfunctions in the ... criminal justice systems, not a substitute for ordinary error correction through appeal." *Ryan v. Gonzales,* ––– U.S. ––––, 133 S.Ct. 696, 708 (2013); *see also Sanders v. U.S.,* 373 U.S. 1, 25 (1963) ("[T]he Court has consistently held that neither habeas corpus nor its present federal counterpart § 2255 is a substitute for an appeal.") (citing, *inter alia, Sunal v. Large,* 332 U.S. 174 (1947)); *see also Hibbler v. Benedetti,* 693 F.3d 1140, 1148 (9th Cir.2012) (citing *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011)), *cert. denied,* ––– U.S. ––––, 133 S.Ct. 1262, 2013 WL 598697 (2013); *U.S. v. Braswell,* 501 F.3d 1 147, 1150 (9th Cir.2007) ("[B]oth for federal and state convictions, habeas review is not to substitute for an appeal.") (citing *Bousley v. U.S.,* 523 U.S. 614, 621 (1998)); *Huson v. Rhay,* 446 F.2d 861, 862 (9th Cir.1971) ("the writ of habeas corpus is not a substitute for an appeal").

Accordingly, a criminal defendant who fails to raise a claim on direct appeal will be found to have procedurally defaulted that claim, and may raise that claim on collateral review "only if the defendant can first demonstrate 'cause' and actual 'prejudice' or [can show] that he is 'actually innocent.'" *Braswell,* 501 F.3d at 1149–50 (citing, *inter alia, Bousley,* 523 U.S. at 622).

This rule is fatal to petitioner's claims 2, 4, 5, 6, 8, and 9, which he failed to raise on direct appeal. In order to avoid the procedural default of these six claims, petitioner must show either: 1) cause for failing to raise them on appeal and actual prejudice or 2) actual innocence.

*1) Cause for failing to raise on appeal and actual prejudice.*

In this context, the Ninth Circuit has explained, "cause" means "some objective factor external to the defense that impeded him, or a new legal or factual basis that was unavailable at the time of his direct appeal." *US v. Skurdal,* 341 F.3d 921, 925 (9th Cir.2005). For example, a

federal court may find that petitioner had "cause" for not raising a claim on appeal if the claim depends on new precedent issued after the appeal concluded. *See Braswell,* 501 F.3d at 1150. Alternatively, a court may find that petitioner had "cause" for not raising a claim on direct appeal if "interference by officials" of the government prevented him from doing so. *See Braswell,* 501 F.3d at 1150 (citing *Murray v. Carrier,* 477 U.S. 478, 488 (1986)); *see, e.g., U.S. v. Mejia–Mesa,* 153 F.3d 925, 928 (9th Cir.1998) (hearing required to determine whether petitioner showed cause for failing to raise *Brady* claim on direct appeal, because "the record show[ed] ... that [petitioner] requested disclosure of *Brady* materials and that the government acknowledged its obligation under *Brady* but produced nothing", which left open the possibility that "the government in fact did not comply with its obligation and [petitioner] did not discover the fact until after the conclusion of the appeal"). An attorney's errors during an appeal on direct review may also provide cause to excuse procedural default; for it the attorney appointed to pursue the direct appeal is ineffective, the prisoner has been denied fair process and the opportunity to obtain an adjudication on the merits of his claims. *Martinez v. Ryan*, 132 S.Ct. 1309, 1317 (2012).

      A petitioner can establish the requisite prejudice only by showing "not merely that the errors at ... trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Braswell,* 501 F.3d at 1150 (quoting *US v. Frady,* 486 U.S. 152, 170, 102 S.Ct. 1584 (1982)).

      Where a federal habeas petitioner fails to show either that he had good cause for failing to assert a claim on direct appeal or that the inability to assert that claim on collateral review would prejudice him, the federal court need not consider the other prong of the procedural-default analysis. *See Frady,* 456 U.S. at 167 (ignoring the cause prong and affirming the dismissal of a habeas petition on the ground that the petitioner had not shown prejudice).

      Petitioner does not allege in his brief that any of his current claims rest on precedent which did not exist at the time of either of his direct appeals.[2] Petitioner does, however, assert

---

[2] *Crawford v. Washington,* 541 U.S. 36 (2004) was published after Petitioner's conviction but prior to his direct appeal. Petitioner's appellate counsel submitted a replacement opening brief to the Court of Appeals on March 18, 2005. No *Crawford* violation was alleged.

that appellate counsel was ineffective in failing to raise claims 2, 4, 5, 6, and 8 on direct review. Accordingly, cause could exist for Petitioner's failure to raise those claims. Further, Petitioner asserts that the factual basis of his ninth claim was unknown to him until late 2008. Plaintiff's ninth claim, like much of his brief, misinterprets the Ninth Circuit's order reversing his conviction on the possession of a firearm count.[3] The Ninth Circuit indicated that the record reflected that Mr. Diaz had not attributed possession of the firearms to Petitioner or Mr. Noriega. This conclusion was derived from matters within the record and was therefore known to Petitioner at the time of appeal or could have been discovered at that time.

Petitioner has not shown actual prejudice as to claims 2, 4, 5, 6, 8 or 9.

Petitioner's second claim – alleging factual innocence – is a second challenge of the sufficiency of the evidence. Petitioner does not attempt to demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Muth v. Fondren,* 676 F.3d 815, 819 (9th Cir. 2012). Rather, Petitioner merely attributes error to trial counsel for a failure to object to introduction of a statement regarding Petitioner's purchase of methanol on the grounds that it does not qualify as a co-conspirator admission since it does not further the conspiracy. The statement in question was an admission by Petitioner. As discussed further, *infra*, Petitioner does not and cannot assert factual innocence.

Petitioner's fourth claim – violation of the Confrontation Clause – does not allege that there were any testimonial statements introduced. Petitioner claims only that "the evidence and testimony did not get the full adversarial testing because the agent's (sic) could only testify as to what was found on Enrique Diaz's property…." ECF. Doc. 236 at 18. Even where there is a Confrontation Clause violation, it is subject to harmless error analysis. *Delaware v. Van Arsdall,* 475 U.S. 673, 679 (1986). The Ninth Circuit indicated and Petitioner does not dispute that he admitted that the methanol he purchased was for the purposes of manufacturing

---

[3] The Ninth Circuit indicated, in its discussion regarding sufficiency of the evidence to support a conviction for possession of a firearm in furtherance of a drug offense, that "[a]lthough Diaz pled guilty to conspiracy to manufacturing meth, he did not admit to possession of any of the firearms or attribute possession to any of his co-conspirators. Even construing the evidence in the light most favorable to the government, we remain unconvinced that a reasonable juror could have found beyond a reasonable doubt that the Defendants possessed any of the firearms found during the search*." U.S. v. Ruiz*, 462 F.3d at 1089.

methamphetamine, he possessed a key to the garage where the methamphetamine was made, was present during the manufacturing process, and fled with the other codefendants.[4] *U.S. v. Noriega-Valenzuela*, 317 Fed.Appx. at 657. Independent of any other evidence, the evidence to which Petitioner has no objection was sufficient to sustain the conviction for conspiracy to manufacture methamphetamine. Accordingly, assuming error, such assumed error was harmless and no prejudice ensued.

Petitioner's fifth claim alleges suppression of exculpatory evidence (a statement by Mr. Diaz to which the Ninth Circuit made reference). As previously discussed, Diaz's refusal to attribute the possession of weapons to Petitioner was on the record, i.e. it was his plea of guilty. The existence of this evidence on the record is a clear indication that the evidence in question was not suppressed. *See Strickler v. Greene,* 527 U.S. 263, 281-282 (1999). Even if the evidence had been suppressed, it was not material to any sentence that Petitioner is presently serving. No conviction stands against Petitioner for possession of a firearm in furtherance of a drug offense. As to the enhancement, the Ninth Circuit found sufficient evidence for application of the possession of a firearm enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) based on the presence of the weapons in the house where meth was being manufactured and the fact that it was not clearly improbable that the weapons were connected to the offense. *U.S. v. Noriega-Valenzuela*, 317 Fed.Appx. at 657. The allegedly suppressed evidence does not impact either conclusion. Accordingly, Petitioner's fifth claim - suppression of evidence – fails for lack of prejudice.

Petitioner's sixth claim – government production of false evidence – is equally flawed. Fatally, Petitioner has not indicated what evidence, if any, was actually false. *See U.S. v. Zuno-Arce*, 339 F.3d 886, 889 (9th Cir. 2003). As far as this Court can determine, Petitioner's claim of production of false evidence relates to all law enforcement testimony tending to indicate that Petitioner is guilty since the government was aware, he claims, that Mr. Diaz's plea agreement exonerated Petitioner. Assuming that Petitioner's general allegations are true, Petitioner is not presently incarcerated based on a conviction for possession of firearms in furtherance of a drug

---

[4] This evidence was introduced by testimony of co-conspirators relaying Petitioner's admissions and testimony of direct observations of law enforcement officers.

offense. Accordingly, even if the testimony was false, it is not material. *See Zuno-Arce*, 339 F.3d at 889. As to Petitioner's conspiracy to manufacture and distribute methamphetamine conviction, petitioner admitted that he purchased the methanol for purposes of manufacturing methamphetamine, possessed a key to the garage where the methamphetamine was made, was present during the manufacturing process, and fled with the other codefendants. *U.S. v. Noriega-Valenzuela*, 317 Fed.Appx. at 657. As such, even if false evidence was admitted, it was not material or actually prejudicial to Petitioner since, as discussed, the properly admitted evidence was sufficient to sustain a conviction.

Petitioner's eighth claim – ineffective assistance of trial counsel in advising him to accept responsibility – cannot show any actual prejudice. Petitioner was not given an enhanced sentence as a result of his acceptance of responsibility nor did he suffer any harm as a result. Petitioner was refused an acceptance of responsibility downward adjustment pursuant to U.S.S.G. § 3E1.1. Such a denial does not constitute prejudice to Petitioner since his counsel's advice did not make him any worse off than he otherwise would have been. The Ninth Circuit indicated as much when it recognized the lack of error as to this issue on appeal. *U.S. v. Noriega-Valenzuela*, 317 Fed.Appx. at 657.

Petitioner's ninth claim – failure of trial counsel to interview co-defendants – did not attempt to show actual prejudice. This claim is premised upon the misunderstanding that Mr. Diaz gave an exculpatory statement regarding Petitioner's possession of a firearm. Mr. Diaz plea agreement did not indicate, one way or another, whether he or any of the co-conspirators possessed any of the firearms found in his home. Petitioner does not indicate what statements that his counsel would have been able to obtain from any of Petitioner's co-defendants. Petitioner asserts only that "pretrial investigation and preparation are the keys to effective assistance of counsel." Petitioner's failure to identify any exculpatory statements that co-defendants would likely have given combined with the fact that the witnesses were cooperating with the government makes it highly unlikely that any error in failing to attempt to interview the co-defendants caused Petitioner any possible prejudice much less "substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *See Braswell,* 501 F.3d at 1150.

Petitioner's claims 2, 4, 5, 6, 8 and 9 have all failed on either the prejudice or cause elements or both.

*2) Actual Innocence*

Finally, where a petitioner fails to show either cause for failing to assert a claim on direct appeal and/or fails to show he would be prejudiced by the inability to have the claim decided on collateral review, he can have his otherwise-defaulted claim heard only by showing a likelihood that he is actually innocent of the crime of conviction. It "would be 'constitutionally problematic,'" after all, to deny habeas relief to an actually innocent person. *Lee v. Lampert,* 653 F.3d 929, 936 (9th Cir.2011) (*en banc*) (citing, *inter alia, Wyzykowski v. Dep't of Corrs.,* 226 F.3d 1213, 1218 (11th Cir.2000)). This standard is "exacting", however, and permits review of an otherwise defaulted claim "only in the extraordinary case." *Lee,* 653 F.3d at 936 (citing *House v. Bell,* 547 U.S. 518, 538 (2006)); *see also Cooper v. Brown,* 510 F.3d 870, 923 (9th Cir.2007) ("The actual innocence exception should 'remain rare' ....") (quoting *Schlup v. Delo,* 513 U.S. 298, 321 (1995)). "Indeed, given the narrow scope of this stringent standard, and the rarity of the type of evidence required by *Schlup,* the allegation of actual innocence has been summarily rejected in virtually every case in which it has been made." *Perez v. McEwen,* 2013 WL 796101, *7 (C.D. Cal. Jan.28, 2013), *adopted by* 2013 WL 801430 (C.D. Cal. Mar.4, 2013) (citing, *inter alia, Calderon v. Thompson,* 523 U.S. 538, 559 (1998)). "[In] this regard, 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley,* 523 U.S. at 623–24 (citing *Sawyer v. Whitley,* 505 U.S. 333, 339 (1992)). To establish such actual innocence, petitioner must demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Muth v. Fondren,* 676 F.3d at 819 (citing *Stephens v. Herrera,* 464 F.3d 895, 898 (9th Cir.2006)), *cert. denied,* 594 U.S. 1313 (2012). Petitioner's brief has not attempted to show a likelihood that he was actually innocent, i.e. "factually" innocent, of conspiracy to manufacture methamphetamine.

Petitioner claims factual innocence in his second claim. However, Petitioner has failed to produce any evidence to support his innocence. He simply attacks the sufficiency of the evidence

11

to sustain a verdict. Petitioner attempted this strategy on his first direct appeal. The Court of Appeals affirmed Petitioner's conviction on the conspiracy to manufacture and distribute methamphetamine. The only documents that Petitioner submits to support his innocence are the government's sentencing memorandum, trial transcripts (wherein a witness testified that Petitioner admitted that he was going to make methamphetamine), and resentencing transcripts. Upon review this court is not persuaded that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted Petitioner.

Since Petitioner failed to prove that 1) there was cause for his failure to bring his claims on direct review and that he would be actually prejudiced by not being permitted to bring them now or 2) that he is actually innocent Petitioner's claims 2, 4, 5, 6, 8, and 9 are all procedurally barred.

**C. Petitioner is not entitled to a certificate of appealability.**

Absent a certificate of appealability ("COA") from the circuit court or the district court, "an appeal may not be taken from a final decision of a district judge in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255." *Chafin v. Chafin,* ⎯⎯ U.S. ⎯⎯, 133 S.Ct. 1017, 2013 WL 598436, *2 (2013) (Ginsburg, J., concurring, joined by Scalia & Breyer, JJ.), and "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"*,* Rule 11(a) of Rules Governing Sec. 2254 Cases. A COA may issue only if "'the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right[.]'" *In re Marciano,* 708 F.3d 1123, 2013 WL 703157, * 10 (9th Cir.2013) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). The issuance of a COA is "a rare step." *Murden v. Artuz,* 497 F.3d 178, 199 (2d Cir.2008) (Hall, J., concurring).

Reasonable jurists would not find it debatable that claims one, three, seven, and ten are defaulted because they were decided adversely to Petitioner on direct appeal, or that claims two, four through six, eight, and nine are defaulted because he could have raised them on direct appeal but did not. Petitioner's arguments opposing dismissal on these grounds are not "adequate

to deserve encouragement to proceed further." *Jennings v. Baker,* ––– Fed.Appx. –––, 2013 WL 830610, * 1 (9th Cir.2013) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4 (1983)). Accordingly, a COA will be denied.

## V. ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion is DENIED without an evidentiary hearing.
2. The Court DECLINES to issue a certificate of appealability.
3. This is a final order, but it will not be appealable unless petitioner obtains a certificate of appealability from the United States Court of Appeals for the Ninth Circuit. *See Muth v. Fondren,* 676 F.3d at 822 (citing 28 U.S.C. § 2253(c) (1)(B)), *cert. denied,* ––– – U.S. ––––, 133 S.Ct. 292, 184 L.Ed.2d 172 (2012).

IT IS SO ORDERED.

Dated:  April 15, 2014                                      _____
                                                            SENIOR DISTRICT JUDGE